## T. J. OLDHAM, ET AL., v. STEPHEN TAYLOR, ET AL.

**Title to Real Estate—Adverse Possession.**

> Where it is shown by a party that he and his grantors have been in actual and in continuous possession of real estate under claim of title for more than twenty years, and that the commonwealth has granted its title, such party cannot be disturbed, but has acquired the legal title.

### APPEAL FROM PENDLETON CHANCERY COURT.

January 16, 1877.

OPINION BY JUDGE ELLIOTT:

This is a suit in equity, and was brought by appellee, Taylor, against appellant, Aulick, and appellee, Coyle.

The appellee, Taylor, stated in his petition that he was the holder of the title bond of Coyle for two lots situated in the town of Falmouth, Pendleton county, containing one-fourth of an acre each, and numbered two hundred eighteen and two hundred nineteen on the plat of the town.

He states that these lots were originally conveyed by the trustees of the town of Falmouth to a man by the name of Mountjoy, and that Mountjoy devised them to his wife, and after his death his widow married Thomas Craig, and she and Craig conveyed the lots to a Mr. Lawson, who conveyed them to a Mr. Gordon, and Gordon sold them to the appellee, P. C. Coyle, and Coyle sold them to appellee, Taylor, and executed to him his title bond for title.

On the part of appellant, Oldham, it is stated that long prior to 1814, a man by the name of Clark owned a tract of land on the Licking river, including the lots in controversy, and that he for many years resided inside of his boundary, claiming to its full extent, and in 1814 he and William Stormer executed to Ulry Eckler a title bond for the tract of land on which he, Clark, had been residing, and in this title bond Clark states from whom he derived his title, one of whom was William Mountjoy.

The proof is clear that the tract of land sold by Clark to Eckler

included the lots in dispute in this action. It seems that Eckler never procured the legal title from Clark, but was put in possession of the premises purchased soon after it was made. It seems that the land bought of Clark was not then considered very valuable, for Eckler bought one hundred forty acres of land and the ferry privilege at Falmouth for one thousand dollars. In 1837 Eckler assigned his title bond on Clark to appellant, Oldham, and Oldham alleges that he took possession of the land embraced by the bond, and has held it by himself or tenants ever since, and that the lots in dispute are included in the boundary of which he has so had possession.

The evidence by a Mr. Ford is that Clarke, Eckler and appellant, Oldham, had actual continuous possession of the land for about thirty years after Clark first moved on to it to his own knowledge, and Oldham proves that he, by himself and tenants, has been in actual possession of the land ever since he bought of Eckler, and Clark had held possession of it for many years before, and that Aulick holds under him, Oldham.

Neither appellee, Taylor, nor appellant, Oldham, show any title derived from the commonwealth to the two lots in dispute, but Oldham does show, by the evidence of several witnesses, that he and those under whom he claims had the actual possession of the lots for more than twenty years before the bringing of plaintiff's action, and if the lots in dispute has ever been granted by the commonwealth, fifteen years continuous adverse possession with a claim of ownership not only secures the tenant in possession with such claim, but vests the legal title in him. We are, therefore, of opinion that the long continuous possession of the lots in dispute by appellant, Oldham, and those under whom he claims, has tolled the right of entry of the appellee, Taylor.

In addition to the facts heretofore stated it appears that in 1867 the appellee brought his suit in equity against appellant, Oldham, and his son, in which he charged Oldham with having pulled down a fence that he had attempted to build around the lots in dispute, and asked the chancellor to restrain him from further injury to the lots. Appellant, Oldham, answered and admitted that he was guilty of all the acts charged by appellee but justified on the ground that he was the owner of the lots, and denied any right or title in appellee to either of the lots; and on a hearing the court dismissed appellee's petition and rendered judgment against him for cost. In this action the title was fully put in issue by the pleadings and the

court adjudged that the appellee, Taylor, who was then plaintiff, had failed to sustain his claim to the land and dismissed his suit at his cost.

We are, therefore, of opinion that appellant, Oldham, both by reason of adverse possession and having defeated appellee in an issue involving the title has, as between him and appellee, Taylor, the better right. Wherefore the judgment is *reversed,* with directions to the lower court to dismiss appellant's, Taylor's, petition.

*W. J. Perrin, Clark & Simon, for appellants.*

*C. H. Lee, for appellees.*